**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLORIA PAREDES RUIZ, | Case No.: 1:17-cv-00180-BAM |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT** |
| ANDREW M. SAUL,[1] Commissioner of | |
| Social Security, | |
| Defendant. | |

## I.     INTRODUCTION

Pending before the Court is Plaintiff Gloria Paredes Ruiz's ("Plaintiff") Motion to Alter or Amend Judgment filed pursuant to Federal Rule of Civil Procedure 59(e) (the "Motion"). (Doc. 21.) For the reasons provided below, the Court DENIES this Motion.

## II.     BACKGROUND

The Court previously provided the full factual background for this case in its order entered on August 4, 2017.  (*See* Doc. 19.)  As pertinent here, an administrative law judge (the "ALJ") determined Plaintiff was not disabled under the Social Security Act, and issued an order denying benefits on July 31, 2015.  (Doc. 9-3 at 10-27.)  At step four of the sequential evaluation, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift and/or carry 20

---

[1]     Andrew M. Saul is now the Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

pounds occasionally and 10 pounds frequently, sit 6 hours and stand and/or walk 6 hours in an 8-hour workday, frequently climb, balance, stoop, kneel, crouch, or crawl, frequently handle and finger, and occasionally perform tasks requiring full field of vision and depth perception due to left eye impairment, but was limited to work involving only simple, repetitive tasks. (*Id.* at 18-25). Relying on the vocational expert ("VE"), the ALJ found that with this RFC, Plaintiff could not return to her past relevant work. However, also relying on the VE's testimony, the ALJ determined at step five that there were other jobs existing in significant numbers in the national economy that she could perform, such as counter attendant, cafeteria attendant and sales attendant. (*Id.* at 25-27.)

In the appeal to this Court, Plaintiff argued two primary errors: (1) that the VE testified in apparent conflict with the Dictionary of Occupational Titles ("DOT") with respect to the position of sales attendant, and (2) that the ALJ failed to explain Plaintiff's degree of manipulative impairment. Specifically, Plaintiff argued that there was an apparent conflict between Plaintiff's RFC limitation to simple, repetitive work and the demands of Level 3 Reasoning required by the position of sales attendant. Plaintiff also argued that the ALJ failed to explain the basis for the degree of manipulative limitation identified in the RFC, thereby eliminating the two remaining representative jobs of counter attendant and cafeteria attendant.

As an initial matter, the Court agreed with Plaintiff that there was an apparent conflict between Plaintiff's RFC limitation to simple, repetitive work and the demands of Level 3 Reasoning required by the position of sales attendant. The Court therefore determined that substantial evidence failed to support the ALJ's step-five finding that Plaintiff could perform the work of sales attendant. (Doc. 19 at 7.) The Court also agreed with Plaintiff that the ALJ erred by failing to explain the basis for the degree of manipulative limitation in the RFC with respect to the two remaining jobs of counter attendant and cafeteria attendant. In particular, the Court found that the ALJ erred by failing to address the occasional use manipulative limitations identified by the state agency consultant, Dr. Robert Mitgang. Nevertheless, the Court concluded that this latter error was harmless based on the VE's testimony that a person limited to occasional fingering, feeling and handling would be able to perform other representative jobs in the national economy, such as counter clerk and bakery worker,

conveyor line.  Accordingly, the Court denied Plaintiff's appeal from the administrative decision of the Commissioner of Social Security and directed entry of judgment against Plaintiff.  (Doc. 19.)

By the instant motion, Plaintiff now request that judgment be amended in her favor, arguing that the Court erroneously found harmless error at step five of the sequential evaluation.  In relevant part, Plaintiff asserts that the Court could not conclude that no reasonable ALJ would make a different finding on evidence that the ALJ left out of the decision.  (Doc. 21.)  In other words, Plaintiff contends that the Court should not have considered the VE's testimony identifying the positions of counter clerk or bakery worker because this was not a reason upon which the ALJ found Plaintiff not disabled.  (*Id.* at 5.)  Plaintiff further argues that by going outside the ALJ's decision, the Court should now permit Plaintiff to submit evidence from *County Business Patterns* and the *Occupational Outlook Handbook* that the positions of counter clerk and bakery worker did not exist in significant numbers in the national economy. (*Id.* at 7-9.)

The Commissioner counters that the Court properly applied the harmless error analysis and correctly looked to the entire record, which supported the ALJ's existing conclusion at step five based on the VE's testimony.  (Doc. 24 at 3.)  The Commissioner also contends that Plaintiff was required to raise challenges regarding job numbers during cross-examination of the VE by Plaintiff's counsel.  (*Id.* at 6.)

In reply, Plaintiff asserts that the Court could not credit testimony from the VE that the ALJ did not consider, and because the ALJ did not explicitly consider it, Plaintiff should be permitted to submit evidence of job numbers.  (Doc. 25.)

III.   **LEGAL STANDARD**

A district court may alter or amend its judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. However, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The Ninth Circuit explained,

> There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is "necessary to correct *manifest errors of law or fact upon which the judgment is based*;" 2) the moving party presents "newly discovered or previously unavailable

evidence;" 3) the motion is necessary to 'prevent manifest injustice;" or 4) there is an "intervening change in controlling law."

*Turner v. Burlington Northern Santa Fe Railroad Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir.1999)). A motion to amend judgment under Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008).

With respect to the instant motion, Plaintiff does not allege the existence of newly discovered evidence or an intervening change in the controlling law;[2] therefore, the only question is whether the Court committed clear error that warrants an amendment of the judgment.

## IV.    DISCUSSION

As indicated above, the Court found that the ALJ erred by failing to address the occasional use manipulative limitations identified by Dr. Mitgang, but nevertheless concluded that this error was harmless based on the VE's testimony that a person limited to occasional fingering, feeling and handling would be able to perform other representative jobs in the national economy, such as counter clerk and bakery worker, conveyor line.

---

[2]    Following full briefing on the motion, Plaintiff filed notices of new authority on April 4, 2019 and on August 14, 2019. (Docs. 26, 27.) In the first notice, Plaintiff contends that *Biestek v. Berryhill*, 139 S.Ct. 1148 (2019), supports Plaintiff's contention that the VE's testimony lacks the attributes of substantial evidence because it is feeble and contradicted without supporting job data. (Doc. 26 at 2.) Plaintiff's argument is not persuasive. *Biestek* confirmed that "a vocational expert's testimony may count as substantial evidence even when unaccompanied by supporting data," even if it may be more reliable and probative if she provided supporting data. *Id.* at 1155. Here, the VE had extensive experience, including more than twenty years of experience as a VE at the time of the hearing (AR 202), and she testified to job numbers based, in part, on that experience (AR 65). *Biestek* does not alter the proposition that the VE's testimony may count as substantial evidence. The Court also notes that there was no objection to the VE's qualifications. (AR 57.)

In the second notice, Plaintiff cites the decision of *Regents of the Univ. of California v. Dept. of Homeland Security*, 908 F.3d 476, 5050 (9th Cir. 2018), to support the position that the Court was constrained to affirm the Commissioner's decision solely on the grounds invoked by the agency. (Doc. 27.) As discussed in this Order, however, the Court affirmed the agency's decision based on the same grounds invoked by the ALJ; that is, Plaintiff's ability to perform other work existing in significant numbers in the national economy at step five of the sequential evaluation.

The Ninth Circuit "ha[s] long recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citation omitted). In this context, the "general principle" is "that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (citation omitted). In each case, the reviewing court will "look at the record as a whole to determine whether the error alters the outcome of the case." *Id.* "[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Id.* (quoting *Batson v. Comm'r. of Soc. Sec.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). "The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights,' which is to say, not merely his procedural rights." *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). A reviewing court must consider "an estimation of the likelihood that the result would have been different." *Id.* at 1055 (finding that "[t]he ALJ's decision, and the record of [claimant's] contradictions, make it plain that the ALJ would have reached the same conclusion" as to disability if the ALJ had not erroneously considered *ex parte* evidence).

Here, the ALJ's ultimate nondisability determination was based on the VE's testimony at step five of the sequential evaluation process, concluding that a significant number of jobs exist in the economy that the claimant could perform. AR 26. Contrary to Plaintiff's suggestion, the Court did not find a new basis on which to affirm the ALJ's decision. Rather, the Court determined that the ALJ would have reached the same conclusion at step five of the disability determination and affirmed the ALJ's step-five rationale that Plaintiff could perform other work in the national economy. In so doing, the Court relied on "the record as a whole to determine whether the error alter[ed] the outcome of the case." *Molina*, 674 F.3d at 1115.

As discussed in the Court's decision, had the ALJ accepted the occasional use manipulative limitations identified by Dr. Mitgang, the ALJ could have continued to rely on the VE's testimony to support the nondisability determination at step five. *See*, *e.g.*, *McGarrah v. Colvin*, 650 Fed.App'x 480, 481 (9th Cir. 2016) (finding ALJ's error in formulating hypothetical question did not negate the validity of nondisability determination where VE testimony identified jobs that accounted for claimant's limitations). According to the record, the ALJ asked the VE to assume occasional

fingering, feeling and handling limitations. The VE testified that this limitation would eliminate Plaintiff's past work, but there were other jobs available, such as counter clerk (DOT 249.366-010) with 43,761 jobs nationwide, and bakery worker, conveyor line (DOT 524.687-022) with 7,036 jobs nationwide. AR 62-65. Together, these jobs constituted over 50,000 positions nationwide, and the position of counter clerk alone was above the threshold for significance. *See Gutierrez v. Colvin*, 740 F.3d 519, 527-29 (9th Cir. 2014) (holding that 25,000 jobs nationally is a significant number). Plaintiff does not dispute that Dr. Mitgang's opinion regarding Plaintiff's manipulative limitations were encompassed in the ALJ's hypothetical posited to the VE or that someone with Plaintiff's limitations could perform the positions of counter clerk and bakery worker, conveyor line. Plaintiff instead challenges the job numbers and reliance on the VE's testimony.

Plaintiff did not challenge the job numbers during the administrative hearing. "[W]hen a claimant fails entirely to challenge a [VE]'s job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal, at least when that claimant is represented by counsel." *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017). Plaintiff was represented by counsel at the hearing. Therefore, she forfeited any challenge to the VE's job numbers because she failed to raise the issue during the administrative hearing.

Even if Plaintiff's argument was not forfeited, it is foreclosed. Plaintiff suggests that the Court should consider evidence from *County Business Patterns* and the *Occupational Outlook Handbook* that indicate the positions of counter clerk and bakery worker did not exist in significant numbers in the national economy. However, it is unnecessary to rely on these outside sources because "a vocational expert's testimony may count as substantial evidence even when unaccompanied by supporting data." *See Biestek* 139 S. Ct. at 1155-56. Indeed, as determined by the Ninth Circuit, a vocational expert's "recognized expertise provides the necessary foundation for his or her testimony" and, therefore, "no additional foundation is required." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). The VE's opinion therefore qualifies as "more than a mere scintilla" of evidence necessary to support the decision. *Biestek*,139 S.Ct. at 1156. Further, Plaintiff's effort to undermine the reliability of the VE's testimony through her own lay assessment of vocational information and job data is unavailing. Courts considering similar arguments have found that such lay assessment of raw

data cannot rebut a vocational expert's opinion. *See*, *e.g.*, *Frayer v. Berryhill*, No. 2:17-cv-2437-EFB, 2019 WL 1206747, at *5 (E.D. Cal. Mar. 14, 2019) (noting other courts have found that lay interpretation of raw job numbers insufficient to undercut a VE's analysis.); *Kirby v. Berryhill*, No. SA CV 18-497-E, 2018 WL 4927107 at *5 (C.D. Cal. Oct. 10, 2018) (same; rejecting counsel's law assessment of data derived from the Occupational Outlook Handbook and other sources).

**V.     CONCLUSION AND ORDER**

For the reasons stated, Plaintiff has not demonstrated that the Court committed clear error warranting amendment of the judgment.  Accordingly, Plaintiff's Motion to Amend the Judgment (Doc. 21) is HEREBY DENIED.


IT IS SO ORDERED.

Dated:   **February 3, 2020**                    /s/ *Barbara A. McAuliffe*
                                                   UNITED STATES MAGISTRATE JUDGE